UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:05CV-00024-M

PEGGY S. JENKINS                                                              PLAINTIFF

VS.

CITY OF RUSSELLVILLE and
SHIRLEE YASSNEY, in her
official and individual capacity                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion [DN 8] by the Defendants, City of Russellville and Shirley Yassney, Mayor of the City of Russellville, to partially dismiss the claims asserted against them by Plaintiff Peggy S. Jenkins, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has brought a civil rights action under 42 U.S.C. § 1983[1] alleging unlawful termination of employment. Defendants seek to dismiss (1) the claim against Yassney in her official capacity; (2) the claim against Yassney in her individual capacity; and (3) Plaintiff's claim for punitive damages under § 1983, all for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' motion is **granted** in part and **denied** in part.

---

[1] 42 U.S.C. § 1983 provides as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

## I.  STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief.  Sistrunk v. City of Strongville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  Wright v. MetroHealth Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied 516 U.S. 1158 (1996).  A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief.  Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions.  Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Gazette, 41 F.3d at 1064.  "In practice, a ...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Lillard, 76 F.3d at 726 (citation omitted).  In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2nd Cir. 1995).  It is against this

standard that the Court reviews the following allegations.

## II.  FACTS

Plaintiff, Peggy Jenkins, was employed by the City of Russellville from January 3, 1978, until she was terminated on March 2, 2004.  At the time of her termination, Plaintiff was serving as City Clerk/Treasurer, a position she had held since March 3, 1979. On January 1, 1999, Defendant Shirley Yassney began her first term as Mayor of the City of Russellville.

Plaintiff alleges that shortly after Defendant Yassney took office, Yassney created an offensive working environment for the Plaintiff.  Plaintiff alleges that in 2000 Yassney told a city official that she wanted to terminate the Plaintiff.  Plaintiff also alleges that Yassney installed a closed circuit television in Plaintiff's office for the purpose of monitoring her daily activities, and that Yassney also installed some type of eavesdropping device on the telephone in Plaintiff's office.  Plaintiff did not receive an annual employee evaluation from Yassney for two years, as required under the City's Policies and Procedures, which caused Plaintiff to not be considered for any pay increase.

On October 14, 2003, Plaintiff sustained a work-related injury and was absent from work for almost four months.  Plaintiff had accumulated 1,030 hours of sick leave. She alleges that she used the pay from those sick leave hours until she applied for and was granted worker's compensation benefits, in compliance with the City's Policies and Procedures.  At that point, Plaintiff reimbursed the City for the wages she received from

her accumulated sick leave.

While Plaintiff was absent from work, on January 5, 2004, Yassney filed a Suspension Report against Plaintiff, alleging that Plaintiff told a subordinate to pay her during her absence from work from her accumulated sick pay, when she was in fact drawing worker's compensation checks, which was in violation of the City's Policies and Procedures Section H(3). As a result of this report, Plaintiff was suspended from work for five days and was ordered to repay the city $849.12 in sick pay.

Plaintiff further alleges that on that same day, January 5, she was called into Yassney's office, with City Attorney Bob Hedges present, where she was intimidated and threatened for twenty to thirty minutes. Yassney told Plaintiff that she would need a doctor's excuse to return to work, and that when she did, she would be suspended.

On January 9, 2004, Plaintiff filed a written grievance with City Attorney Bob Hedges in response to the Suspension Report, in accordance with the Grievance Procedure outline in the City's Policies and Procedures. On January 14, 2004, Hedges sent a letter to Plaintiff in response to her grievance. Hedges claimed he had conducted an investigation into the matter and found that Plaintiff had violated the City's Policies and Procedures by instructing a subordinate to pay her from her accrued sick leave and that Yassney had acted properly in all respects.

Plaintiff then requested a hearing on the matter before the Russellville City Council. No hearing occurred, and on February 9, 2004, Plaintiff returned to work with a doctor's excuse. Plaintiff alleges that on February 20, 2004, she was once again called

into Yassney's office, with Hedges present, where she was intimidated and threatened. Plaintiff alleges Yassney told her that she could have arrested Plaintiff for worker's compensation fraud, that an auditor had looked into Plaintiff's records and found that she did poor work and sixty-five entries into the city's ledgers were needed to complete the audit. Plaintiff alleges that she was given no opportunity to explain, and she was once again suspended for five days.

Plaintiff alleges that during this February 20 session Yassney gave her four options to choose from at the end of her suspension. She could either resign, file for disability retirement, retire, or be arrested and fired for worker's compensation fraud. Yassney then told Plaintiff that they would meet on February 27, 2004, when Plaintiff would give Yassney her decision. The February 27 meeting did not take place until March 2, 2004, at which point Plaintiff informed Yassney that she would not take any of the options. Plaintiff was then fired.

Plaintiff alleges that at this March 2 meeting Yassney told Plaintiff she was being fired based on her poor work performance and employee reprimands. Plaintiff's Employee Termination Report states that Plaintiff had one verbal reprimand filed on October 30, 1996 regarding an October 17, 1996 occurrence, and three written reprimands: one filed on October 30, 1996 regarding an October 18, 1996, occurrence; the January 5, 2004 Suspension Report; and a reprimand filed February 19, 2004 regarding the alleged accounting errors. No discussion of Plaintiff's alleged worker's compensation fraud took place at the March 2 meeting.

5

Pursuant to the City's Policies and Procedures, Plaintiff attended a City Council meeting on March 11, 2004, to request an investigation by the council into her termination. At this meeting, Plaintiff presented evidence that she had reimbursed the city when she began receiving her worker's compensation concurrently with her sick pay. The council agreed to conduct an investigation and on March 16, 2004, hired Broderick and Thornton Law Firm in Bowling Green to conduct the investigation.

On May 4, 2004, attorney David Broderick submitted the investigation report to the council. The investigation found that the Suspension Report filed against Plaintiff for alleged worker's compensation fraud was unwarranted because Plaintiff had presented evidence of reimbursement. The February 19 reprimand was found not in compliance with the City's Policies and Procedures. The report also stated that Plaintiff's March 2 termination did not conform to the City's Policies and Procedures because Plaintiff was not afforded a hearing about her termination, even though she had requested one.

Also on May 4, 2004, the City Council voted to provide Plaintiff with a pre-termination hearing. On May 5, 2004, the city attorney wrote Plaintiff a letter advising her that a hearing was to be held on May 10, 2004. Plaintiff did not receive the letter until May 11, but she did receive a phone call on May 7 from Councilman Howard Wren advising her of the hearing. Plaintiff alleges that she did not attend the hearing on May 10, however, because she did not have time to hire a lawyer or prepare her case.

As a result of these actions, Plaintiff filed suit in February of 2005. She brings claims pursuant to 42 U.S.C. § 1983 against the City of Russellville and Mayor Shirley

Yassney, in her official and individual capacity, acting under color of state law, alleging that their conduct violated her due process rights under the Fifth and Fourteenth Amendments by (1) terminating her without providing a pre-termination hearing and by (2) terminating her in retaliation for her pursuit of a worker's compensation claim under KRS 342.197(1). Plaintiff also brings the state tort law claims of defamation and outrage. The Defendants have moved to partially dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Each claim the Defendants have moved to dismiss will be discussed in turn.

### III. DISCUSSION

**A. Failure to State a Claim Against Defendant Yassney in her Official Capacity**

The Defendants seek to dismiss Plaintiff's claim against Mayor Yassney in her official capacity. It is well established that a suit against a local government official is essentially a suit brought against the government entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978)); Fultz v. Whittaker, 187 F.Supp.2d 695, 708 (W.D. Ky. 2001). Therefore, an official capacity suit is to be treated as a suit against the entity. Graham, 473 U.S. at 166. When a plaintiff asserting a § 1983 claim chooses to sue both the municipality and the municipal official in an official capacity, the claim against the municipal official is dismissed as redundant. Id. See also Jungels v. Pierce, 825 F.2d 1127, 1129 (7th Cir. 1987) (stating that nothing was added by suing the mayor of a city in his official capacity because suing the mayor in his official capacity is

the equivalent of suing the city).

It makes little difference that Plaintiff filed her claim against both the City of Russellville and Shirley Yassney in her official capacity, because for the purposes of this litigation they are one in the same. Any claims Plaintiff may make regarding Yassney in her official capacity are actually claims against the City of Russellville. Since the City of Russellville has been named as a Defendant, the claims against Defendant Yassney in her official capacity are redundant and are appropriately dismissed. Defendants' motion to dismiss Plaintiff's claims against Yassney in her official capacity is **granted**.

**B. Failure to State Any Claim Against Mayor Yassney in her Individual Capacity**

Defendants further claim that Plaintiff's claims against Defendant Yassney in her individual capacity should be dismissed because Plaintiff has failed to assert any claim at all against Yassney in her individual capacity. Defendants argue that to assert a claim against Yassney in her individual capacity, Plaintiff had to allege that the Mayor "did something that is tortuous independent of the office" that she holds. Walker v. Row, 791 F.2d 507, 508 (7th Cir. 1986). Defendants also argue that since Plaintiff never states what acts Yassney did in her individual capacity that was separate and distinct from acts done in her official capacity, Yassney was acting at all times in her official capacity, and the official capacity claim against Yassney is barred.

The Defendants' arguments, however, are misplaced. Government officials can be held personally liable for actions they take within the scope of their official duties. Med

Corp., Inc. v. City of Lima, 296 F.3d 404, 417 (6th Cir. 2002).  See Hafer v. Melo, 502 U.S. 21, 27 (1991).  Government officials are not absolutely immunized from personal liability for acts done in the course of their official duties.  Hafer, 502 U.S. at 28 (1991).  If a government official seeks absolute immunity, they must show that immunity is justified in light of the government function at issue.  Id. at 29.

The Plaintiff has asserted each claim against Mayor Yassney in both her official and individual capacities.  Plaintiff may sue Yassney in her individual capacity for acts done in her official capacity as Mayor of Russellville.  See Med Corp., 296 F.3d at 417.  Therefore, Defendants' motion to dismiss the claims asserted against Yassney in her individual capacity is **denied**.

## C.  Failure to State a Claim for Punitive Damages Under § 1983 Against the City or Mayor Yassney in her Official Capacity.

The Defendants' final claim is that Plaintiff has failed to state a claim for punitive damages under § 1983 against the City of Russellville or Mayor Yassney in her official capacity.  As discussed above, a suit against a local government official is essentially a suit brought against the government entity of which the officer is an agent.  Graham, 473 U.S. at 165-66.

The Plaintiff has asked for punitive damages to be awarded against Yassney in both her official and individual capacities.  (Amended Complaint, pp. 10, 12).  In doing so, Plaintiff has essentially asked for an award of punitive damages against the City of Russellville.  However, plaintiffs may not recover punitive damages from a municipality

9

in a § 1983 action.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) (holding that municipal immunity is compatible with both the retribution and deterrence purposes of § 1983 as well as general principles of public policy); Barnier v. Szentmiklosi, 810 F.2d 594, 598-599 (6th Cir. 1987).

For this reason, Plaintiff may not recover punitive damages against the City of Russellville and  Defendants' motion to dismiss Plaintiff's claim for punitive damages against the City of Russellville and Mayor Yassney in her official capacity is **granted**. However, Plaintiff's punitive damages claim against Yassney in her individual capacity is not dismissed because individual public officers can be held liable for such damages arising from their misconduct.  Smith v. Wade, 461 U.S. 30, 35 (1983).

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [DN 8] is granted in part and denied in part.

cc: Counsel of Record