UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CASE NO. 1:05CV-00024-M

**PEGGY S. JENKINS**                                                        **PLAINTIFF**

**V.**

**CITY OF RUSSELLVILLE, and**
**SHIRLEE YASSNEY, individual capacity**                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiff's Motion to Reconsider the July 19, 2007, Memorandum Opinion and Order issued by the Court. (DN 86). In its Memorandum Opinion and Order, the Court granted the Defendants' motion for summary judgment as to the Plaintiff's § 1983 claims relating to her procedural and substantive due process rights and her state law claims of wrongful discharge and tortious outrage.[1] The Plaintiff now asks the Court to reconsider whether summary judgment should have been granted on each of these claims. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's Motion to Reconsider is **DENIED**.

### I. LEGAL STANDARD

The Plaintiff, Peggy S. Jenkins ("Jenkins") has brought her Motion to Reconsider pursuant to Fed. R. Civ. P. 52(b)[2] and 59(e).[3] When a Rule 59 motion is made to alter or amend a judgment, it may be granted if "there is clear error of law, newly discovered evidence, an intervening change

---

[1] The Court denied the Defendant's motion for summary judgment on the Plaintiff's defamation claim.

[2] Fed. R. Civ. P. 52(b) provides: "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

[3] Fed. R. Civ. P. 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

in controlling law, or in order to prevent manifest injustice." GenCorp, Inc. v. American International Underwriters, 178 F.3d. 804, 834 (6th Cir. 1999)(citations omitted). To constitute "newly discovered evidence," the evidence must have been previously unavailable. Id.

## II. ANALYSIS

The Plaintiff does not clearly state the grounds for which she seeks reconsideration. She does not explicitly state that the Court has made a clear error of law; that she has newly discovered evidence; that there has been an intervening change in controlling law; or that reconsideration is necessary to prevent manifest injustice. Notwithstanding this deficiency, the Court will attempt to address each of the Plaintiff's arguments.

**A. Constitutional Claims**

**1. Procedural Due Process**

The Plaintiff first seems to argue that she was deprived of her liberty interest in her reputation, without due process of law, because the Defendants not only terminated her from employment, but also damaged her reputation.[4] In support of this argument, the Plaintiff cites to cases from the Second and Third Circuits, which have used a "stigma-plus" test to determine whether an individual's liberty interest has been infringed upon by a defaming state actor.[5] The

---

[4]The facts of this case are fully set out in the Court's July 19, 2007, Memorandum Opinion and Order. (DN 84).

[5]The Third Circuit has explained the "stigma-plus" test as follows: "[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest...In the public employment context, the 'stigma-plus' test has been applied to mean that when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination,' it deprives the employee of a protected liberty interest. The creation and dissemination of a false and defamatory impression is the "stigma," and the termination is the "plus." When such a deprivation occurs, the employee is entitled to a name-clearing hearing." Hill v. Borough of Kutztown, 455 F.3d 225, 235-237 (3rd Cir. 2006)(citations omitted); see also Segal v. City of New York, 459 F.3d 207, 212-213 (2nd Cir. 2006)).

2

Sixth Circuit has not explicitly adopted the "stigma-plus" test, but has explained the relationship between a constitutionally-protected liberty interest, a damaged reputation, and due process as follows:

> The Fourteenth Amendment forbids state actors from depriving individuals of life, liberty or property without due process of law...A person's reputation, good name, honor, and integrity are among the liberty interests protected by the Due Process Clause of the Fourteenth Amendment. However, defamation alone is not enough to invoke due process concerns. Some alteration of a right or status "previously recognized by state law," such as employment, must accompany the damage to reputation...Consequently, when a "non-tenured employee shows that he has been stigmatized by the voluntary, public dissemination of false information in the course of a decision to terminate his employment, the employer is required to afford him an opportunity to clear his name." A name-clearing hearing is required only if the employer creates a false and defamatory impression about a particular employee in connection with his termination."

Quinn v. Shirey, 293 F.3d 315, 319-320 (6th Cir. 2002) (citations omitted). In Quinn, the Court identified five factors that a plaintiff must show to establish that she was deprived of liberty. Id. at 320. However, the Court emphasized that even if a plaintiff establishes that she has been deprived of a liberty interest based on these factors, the Plaintiff must also show that she requested a name-clearing hearing, and was denied that hearing, before she can assert a liberty interest claim. Id. at 321. Here, the Plaintiff does not argue, nor does the evidence suggest, that she requested a name-clearing hearing and that her request was denied. Although the Plaintiff does claim that she requested an investigation into her termination, she does not claim that she specifically asked for a name-clearing hearing following her termination, as is required by Quinn to establish a due process violation. Further, even if her request could be construed as a request for a name-clearing hearing, she chose not to attend the termination hearing that was scheduled per this request. For this reason, the Plaintiff's liberty interest claim fails as a matter of law.

**2. Substantive Due Process**

In her summary judgment brief, the Plaintiff argued that her substantive due process rights were infringed upon by the Defendants because they terminated her in retaliation for filing a workers' compensation claim. The Court dismissed her claim as a matter of law. The Plaintiff now argues that she has a constitutionally-protected liberty interest in pursuing workers' compensation benefits and that the Defendants infringed upon this interest by harassing her for this pursuit. She bases this claim of a liberty interest on K.R.S. § 342.197(1), which provides that "[n]o employee shall be harassed, coerced, discharged or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter." As the Court noted in its initial opinion, however, substantive due process rights are created by the Constitution and not by state law. See, e.g., Young v. Twp. of Green Oak, 471 F.3d 674, 684 (6th Cir. 2006). Here, the Plaintiff points to no case which suggests that the Supreme Court or any federal court has recognized a constitutionally- protected liberty interest in pursuing workers' compensation benefits. Thus, the Plaintiff's substantive due process claim fails as a matter of law.

**B. State Law Claims**

    **1. Wrongful Discharge/Retaliation**

In its initial opinion, the Court held that the Plaintiff's claim of wrongful discharge against the Defendants failed as a matter of law because the evidence, even when viewed in the light most favorable to the Plaintiff, did not establish that the Plaintiff was terminated because she pursued workers' compensation benefits. The Plaintiff now asks the Court to consider whether the Defendants violated her rights, not by terminating her, but by harassing her for pursuing such benefits. She again relies on K.R.S. § 342.197(1). The evidence simply does not suggest, however, that the Defendants' actions were motivated by the Plaintiff's decision to pursue workers'

compensation benefits. Rather, all the evidence suggests that the actions taken against her were motivated by other factors, including her tension-filled relationship with the mayor, her failure to properly perform her professional duties, and her alleged abuse of the City's sick-pay policy. Thus, the Court finds that there is not evidence upon which a reasonably jury could find that the Defendants violated K.R.S. § 342.197(1).

### 2. Intentional Infliction of Emotional Distress/Tort of Outrage

Finally, the Plaintiff argues that the Court erred in dismissing her claim of intentional infliction of emotional distress/tort of outrage. She argues that the Defendants actions toward her, including 1) the alleged installation of an eavesdropping device on her office phone; 2) the failure to provide her with an annual employee evaluation; 3) false accusations of fraud; 4) the post-termination claim against the Plaintiff's Treasurer's Bond; 5) the attempted alteration of the City's Policies and Procedures Manual; and 6) the destruction of records from City Hall despite the City Council's order to the contrary; 7) and the threat of arrest; [6] when considered together, go beyond "all possible bounds of human decency" and are "utterly intolerable in a civilized society." See, e.g., Humana of Kentucky, Inc. v. Seitz, 796 S.W.2d 1, 3 (Ky. 1990). The Court disagrees. Although the Mayor's conduct may have been egregious and reprehensible, it does not rise to the level of outrageousness required by Kentucky courts for the commission of this tort. Kentucky courts have found outrageousness lacking in cases where the defendant's conduct was considerably

---

[6] Plaintiff alleges for the first time, in her Motion to Reconsider, that the Mayor 1) filed a claim against the treasury bond the Plaintiff was required to maintain as City Treasurer (for the amount the Mayor alleged the Plaintiff owed the City); 2) attempted to alter sections of the City Policy and Procedures Manual to impede the City Council's investigation into her termination; and 3) destroyed records from City Hall despite the City Council's order that no records from City Hall be destroyed until any legal action taken by the Plaintiff against the Defendants was complete. Even though these allegations are based on evidence that was previously available to her, and should have been asserted in response to the initial motion for summary judgment, the Court will consider the allegations and accept them as true.

more offensive than the Defendants' conduct here.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Reconsider is **DENIED**.

cc: Counsel of Record